REGAN, Judge.
Plaintiff, Bernard & Crunning, instituted this suit against defendants, American Printing Company, Ltd., and its salesman, Joseph Fámiglio, endeavoring to secure an accounting of all monies received by defendants for the printing and engraving of the 1951 Year Books of Loyola and Xavier Universities; and based thereon plaintiff should be awarded, in conformity with an oral agreement entered into with defendants on August 16, 1950, one-half of a fifteen percent commission on the Xavier University Year Book printing and engraving contract for 1951; one-half of the commission on the Loyola University Year Book printing (10%) and engraving (15%) contract for 1951, the remaining one-half of the commissions to be paid Famiglio by American Printing Company, Ltd.
Defendant, Famiglio, pleaded the exceptions of no cause or right of action which were overruled and then both defendants answered generally denying that they were indebted unto the plaintiff.
*35 From a judgment in favor of plaintiff in the amount. of $1,259.29, against the defendants, in solido, they have prosecuted this appeal.
'On appeal defendant Famiglio has re-urged the exceptions of no cause or right of action, which he predicates upon the assumption that plaintiff’s petition fails to assert the existence of an agreement between Famiglio and Bernard & Grunning. ¡We are of the opinion that plaintiff’s petition is not deficient in this respect and, therefore, the exceptions were properly overruled by the lower court.
This case has posed for our consideration only a question of fact which the trial judge, in his written reasons for judgment, has so fully answered that we adopt them as our own.
“This matter involves solely a question of fact.
“The question to be resolved is whether or not the plaintiffs, Bernard & Grunning, through their representative, John S. Petty, entered into an agreement with American Printing Company, Ltd., through its president William Dymond, Jr., one of the defendants, and Joseph • Famiglio, the other defendant, on August 16th 1950, by virtue of which the American Printing Company was to pay a commission of 15% for engraving and 10% for printing the Loyola Wolf Year Book for 1951 and 15% on the Xavier University Year Book for 1951, which said commissions were to be divided one-half to Bernard & Grunning and the other half to Joseph Famiglio.
“John S. Petty, the agent and representative of Bernard & Grunning, who handled the entire transaction for the plaintiff, testified most positively that such an agreement was entered into and agreed upon by all parties. William Dymond, Jr., president of the American Printing Company, Ltd., and Joseph Famiglio, deny that such an agreement was entered into. Mr. Petty stated fully the reasons leading up to and which prompted the entering into of the agreement. The letter written by Mr. Petty of Bernard & Grun-ning under date of November 22nd, 1950, which was only three months after the meeting of August 16th, 1950, again confirms Mr. Petty’s testimony and his appreciation of the agreement which was made on August 16th, 1950.
(“Dear Mr. Dymond:
“I had a long talk with Mr. Joe Famiglio today, in which he feels that the agreement the three of us made in your office August 16 was not satisfactory.
“The agreement was that I was to get one-half of the commission on the Xavier University yearbook printing and engraving contract for 1951, of which both were figured at 15% commission. Also, I was to receive one-half of the commission on the Loyola University yearbook printing and engraving contract for 1951, of which the first was 10% and the latter 15% commission. It was further agreed that I would not participate in any other sales of yearbooks made by Mr. Fa-miglio or the American Printing Co.
“Mr. Dymond, the agreement was satisfactory to all three of us at that time, considering all sides and points, and at this date I do not see any reason to change it.
“Frankly, I have been trying to be fair and agreeable to all parties concerned.
“Mr. Dymond, I would appreciate meeting with you and Mr. Famiglio at your office next week so we can get this matter straightened out. Kindly advise what day and the time.”) (No written reply to this letter was ever received by Bernard & Grunning.)
“The Court is of the opinion that such agreement was entered into, Mr. Dymond of the American Printing Company, Ltd. and Joseph Famiglio *36 have a mistaken recollection of what had transpired at the meeting on August 16th, 1950.
“Considerable evidence was taken and it all tends to lend additional support and proof to plaintiff’s claim.
“By stipulation, which the Court considered as an accounting, it was agreed that the books and records of the American Printing Company, Ltd. showed that said company received for printing and engraving on the Loyola and Xavier University year books the following:
“LOYOLA UNIVERSITY
Engraving $ 3206.37
Printing 7350.00
Changes in copy 335.00'
$10891.37
“XAVIER UNIVERSITY Engraving $ 2294.35
Printing 6390.00
Adjustments 48.00
$ 8732.00
“COMMISSIONS PAID TO JOSEPH FAMIGLIO
Commissions on Xavier University Year Book $1286.10
Commissions on Loyola Year Book 1215.95
“In view of the above the Court finds that the plaintiff is entitled to the following:
“LOYOLA YEAR BOOK
7-%%, or % of 15%, on $3206.37, on engraving $ 240.47
5%, or % of 10%, on $7350.00, on printing 367.50
“XAVIER YEAR BOOK
7-y2%, or % of 15%, on $8684.35, on printing and engraving 651.32
Total, $1259.29
'The Court has not allowed the commissions on the item of $335.00 on the Loyola Year Book and the item of $48.00 on the Xavier Year Book because it has no specific evidence that same covered engraving and printing under the agreement entered into be-. tween the parties.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.